UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE DOUTHERD,<br><br>Plaintiff,<br><br>v.<br><br>DORIS MARIE MONTESDEOCA; estate of LUCILLE J. SMITH; UNITED PARCEL SERVICE, INC.; LIBERTY MUTUAL INSURANCE COMPANY; and DOES 1-30 ,<br><br>Defendants. | No. 2:17-cv-2225-MCE-EFB<br><br>ORDER |

This case is before the court on defendant United Parcel Service, Inc.'s ("UPS") motion to quash a subpoena served on third-party Cal-OSHA. ECF No. 1. For the reasons explained below, the motion is denied.[1]

I. <u>Background</u>

Plaintiff alleges that in August 2015, he was involved in a collision with a vehicle driven by defendant Doris Montesdeoca. Compl. (ECF No. 1-1) ¶ 9. At the time of the accident, plaintiff was driving a loaded transport truck and trailer owned by his employer, UPS. *Id.* The

---

[1] The court determined that oral argument would not materially assist in the resolution of the pending motion and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

accident allegedly left plaintiff with significant back pain, left knee damage, pain in both shoulders, and "pain and all around soreness." *Id.* ¶ 15. After receiving treatment at the emergency room, plaintiff was prescribed physical therapy and instructed to perform light duty work for the next seven weeks. *Id.* After those seven weeks, he was required to return to full time duty despite not having adequately recovered from his injuries. *Id.* Plaintiff claims that he continued to experience pain, but that UPS did not permit him to seek further medical treatment and instead began to harass and discriminate against him in various ways. *Id.* ¶ 16.

Plaintiff asserts claims against UPS for fraud, discrimination, harassment, retaliation, and failure to accommodate in violation of the Americans with Disabilities Act and California Fair Employment and Housing Act; violation of the Age Discrimination in Employment Act; breach of contract; and a cause of action styled as "violations of statutes." *Id.* at 16. He also asserts claims for fraudulent concealment, negligent interference, and breach of contract against defendant Liberty Mutual Insurance Company, and a negligence claim against defendants Doris Montesdeoca, the other driver involved in the accident, and the estate of Lucille Smith, the owner of the car driven by Ms. Montesdeoca.

In April 2018, plaintiff served a subpoena on Cal-OSHA, seeking "[a]ll records reporting accidents involving employees of United Parcel Freight in California from January 1, 2007, to the present, including the name of the injured employee, date of injury or accident, general description of the accident and type of injury." Decl. of Susan S. Joo , Ex. A (ECF No. 26-2). UPS now moves to quash the subpoena. ECF No. 27.

II. Discussion

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond [certain] geographical limits . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Further, a court may quash or modify a subpoena requiring the disclosures of a trade secret or other confidential commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i).

2

UPS argues that the subpoena should be quashed because it is overbroad, seeks discovery that is not relevant or proportional to plaintiff's claims, and violates the privacy interest of third-parties by seeking medical information protected by HIPPA. ECF No. 26 at 5-8. But UPS has not shown that it has standing to prevent non-party Cal-OSHA from complying with the subpoena. As a general rule a party to a lawsuit has no standing to object to a subpoena served on a non-party absent a privilege or privacy interest in the requested documents. *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). The custodian of the records here is Cal-OSHA not UPS. None of these objections concern a privilege or privacy interest held by UPS. Accordingly, UPS has no standing to assert these objections. *See Finley v. Pulcrano*, 2008 WL 4500862, at * 1 (N.D. Cal. Oct.6, 2008) ("A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object."); *Wells Fargo and Co. v. ABD Ins.*, 2012 WL 6115612 at *2 (N.D. Cal. Dec. 10, 2012) ("A party's objection that a subpoena to a non-party seeks irrelevant information or would impose an undue burden are not grounds on which a party has standing to move to quash a subpoena when the non-party has not objected"); *Kremen v. Cohen*, 2012 WL 2277857, at *3 (N.D. Cal. June 18, 2012) (finding that defendant did not have standing to withdraw subpoena based solely on ground that the subpoenas violated the rights of third-parties).

UPS does argue that the subpoena seeks its own confidential business records. While UPS has standing to assert this interest, it merely provides its conclusion that "[t]he requested accident records contain [its] confidential commercial information," without further elaboration. UPS's conclusory statement is insufficient to carry its burden of demonstrating that it has a privacy interest in the requested documents. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Accordingly, UPS has failed to demonstrate any basis for quashing the subpoena plaintiff served on Cal-OSHA.

/////

III.   Conclusion

Accordingly, it is hereby ORDERED that defendant UPS's motion to quash (ECF No. 27) is denied.

DATED: June 14, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE