UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TYRONE DOUTHERD,

Plaintiff,

v.

DORIS MARIE MONTESDEOCA,
Estate of LUCILLE J. SMITH,
deceased, UPS GROUND FREIGHT,
INC., LIBERTY MUTUAL INSURANCE
COMPANY, HARMONY HOME CARE,
INC., and DOES 1 through 30,
inclusive,

Defendants.

No. 2:17-cv-02225-MCE-EFB

**MEMORANDUM AND ORDER**

Plaintiff Tyrone Doutherd ("Plaintiff") seeks, inter alia, an award of compensatory and punitive damages against Defendant Liberty Mutual Insurance Company ("Liberty Mutual") and Defendant UPS Ground Freight, Inc. ("UPSF" and collectively with Liberty Mutual, "Defendants")[1] for their roles in the alleged mishandling of Plaintiff's Workers' Compensation claim following a vehicle accident that occurred while Plaintiff was on the job.[2] Presently before the Court are Liberty Mutual's Motion to Dismiss Plaintiff's claims

---

[1] UPSF was sued erroneously as United Parcel Service, Inc.

[2] Plaintiff additionally seeks redress from the driver of the car, the owner of that car, and the employer of the driver. Because the present Motions to Dismiss and Strike are brought by Defendants Liberty Mutual and UPSF, respectively, the scope of the Court's Memorandum and Order is limited to Liberty Mutual and UPSF.

1

against Liberty Mutual, ECF Nos. 39 and 40, as well as UPSF's Motion to Strike 33 newly added paragraphs of allegations appearing in Plaintiff's First Amended Complaint ("FAC"). ECF No. 36. For the reasons that follow, Liberty Mutual's Motion to Dismiss is GRANTED without leave to amend, and UPSF's Motion to Strike is GRANTED without prejudice.[3]

**BACKGROUND**[4]

Plaintiff's claims arise out of an August 27, 2015, collision with a car driven by Defendant Doris Montesdeoca. Plaintiff was operating a loaded transport truck and trailer owned by UPSF. Plaintiff claims that Montesdeoca was fighting with a male passenger in the back seat when she lost control of the car and careened into the divider. The car rebounded from the divider and smashed into the front passenger side of Plaintiff's truck.

Plaintiff claims to have suffered significant back and shoulder pain as well as knee damage as a result of the accident. He visited the emergency room thereafter, began a course of physical therapy, and returned to work for seven weeks of "light duty" when permitted to do so. At the end of the seven weeks, Plaintiff was required to return to full duty, purportedly before he was healed. He had no more treatment, therapy, or prescribed medication and was not re-evaluated to determine his readiness to return to work.

According to Plaintiff, UPSF initially prepared a Workers' Compensation claim on behalf of Plaintiff but did not advise him on his rights to benefits or compensation. Plaintiff did not know if the forms were submitted or if his claim was processed. Plaintiff

///

---

[3] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[4] The background facts and allegations in this section are derived from Plaintiff's FAC, ECF No. 33, and the Court's prior Order, ECF No. 31.

learned his claim was opened and then closed in November 2015 from the "vehicle owner's insurance carrier," not from Defendants.

Plaintiff filed the present action in Sacramento Superior Court on August 25, 2017, claiming, in part, that Defendants acted in concert to adopt an illegal pattern and practice of refusing to process Workers' Compensation claims for injured UPSF employees. The case was removed to this Court on October 24, 2017. Liberty Mutual filed its previous Motion to Dismiss on November 2, 2017, on the grounds that each of Plaintiff's claims against it were barred by the exclusive remedy provisions of the Workers' Compensation Act ("WCA"). This Court agreed, and on August 14, 2018, granted Liberty Mutual's Motion. August 2018 Order, ECF No. 31. However, the Court granted Plaintiff leave to amend, specifically providing that "Plaintiff will be given one opportunity to assert a cause of action against Liberty Mutual that is not barred by the exclusivity rule." Id. at 10. Plaintiff then filed his FAC on September 13, 2018, alleging the following claims against Defendants Liberty Mutual and UPSF: (1) "Fraud" against UPSF (Second Cause of Action); (2) "Employment Discrimination, Lack of Accommodation" against UPSF (Third Cause of Action); (3) "Employment Discrimination by UPS Freight Harassment and Retaliation" against UPSF (Fourth Cause of Action); (4) "Violation of ADEA" against UPSF (Fifth Cause of Action); (5) "Fraud Claims" against Liberty Mutual (Sixth Cause of Action); (6) "Discrimination and Retaliation Claims" against Liberty Mutual (also styled as the Sixth Cause of Action); (7) "Violations of State Statutes" against UPSF (Seventh Cause of Action); and (8) "Employment Discrimination Under Federal Law" against UPSF (Eighth Cause of Action). The FAC also contains a paragraph titled "Misrepresentation – Retaliation" by UPSF and/or Liberty Mutual, which is not designated as an independent cause of action. See FAC, ECF No. 33, at 19.[5]

///

---

[5] The Court notes that Plaintiff's FAC suffers from an extensive lack of clarity, both as to the various allegations and to the structure of the causes of action. For purposes of this Order, the Court construes Plaintiff's "Misrepresentation – Retaliation" paragraph as a separate cause of action against Defendants.

Subsequently, Liberty Mutual filed its instant Motion to Dismiss the claims raised against it in the FAC, and UPSF filed its current Motion to Strike.

**STANDARD**

    **A.    Rule 12(b)(6): Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

4

the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**B.    Rule 12(f): Motion to Strike**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to

trial. . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

## ANALYSIS

### A. Liberty Mutual's Motion to Dismiss

In its prior Order, this Court found that Plaintiff's claims against Liberty Mutual were barred by the WCA's exclusive jurisdiction, but granted Plaintiff leave to amend to attempt to assert a cause of action not barred by the exclusivity rule. August 2018 Order, ECF No. 31, at 10. In response, Plaintiff filed the operative FAC, setting forth largely the same claims based on only slightly modified facts. FAC, ECF No. 33, at 11-21. Despite these attempted modifications, Plaintiff's claims are still barred.

Although the FAC has added allegations, Plaintiff asserts essentially the same claims regarding Liberty Mutual as it did originally—that it mishandled Plaintiff's Workers' Compensation claim. Plaintiff again alleges that Liberty Mutual deprived him of medical care, forced him to return to work without a proper examination or evaluation, directed its medical entities to falsify his medical records, concealed its failure to determine whether he had continuing injuries, denied him the ability to obtain proper treatment, prohibited his treating physician from providing him medical care, withheld approval to allow any form of treatment, and was aware that he was being treated by underqualified medical personnel. FAC at 11-21. The Court previously found that each of these allegations were "collateral to or derivative of Plaintiff's physical injury claim, which is a compensable injury under the WCA." August 2018 Order at 8.

///

Plaintiff asserts that the issues of fraud, discrimination, retaliation, and misrepresentation will not be addressed in a WCA proceeding. FAC at 19-20. However, as the Court explained in its prior Order, "concealment fraud, negligent and/or intentional interference, and bad faith breach of contract [ ] do not fall outside the risks contemplated by the compensation bargain." August 2018 Order at 9. "[I]njuries arising out of and in the course of the workers' compensation claims process fall within the scope of the exclusive remedy provisions because this process is tethered to a compensable injury." Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund, 24 Cal. 4th 800, 815 (2001). Plaintiff's alleged injuries arose directly from Liberty Mutual's processing of Plaintiff's claim and therefore fall within the exclusive jurisdiction of the WCA.

Because Plaintiff apparently cannot add any allegations against Liberty Mutual that would bring these claims outside of the WCA's exclusive purview, Liberty Mutual's Motion to Dismiss, ECF No. 39, is GRANTED and the following causes of action against Liberty Mutual are DISMISSED without leave to amend: (1) "Fraud Claims Against Liberty Mutual Insurance Company" (Sixth Cause of Action); (2) "Discrimination and Retaliation Claims Against Liberty Mutual Insurance Company (Pre and Post Filing of Complaint)" (also styled as the Sixth Cause of Action); and (3) "Misrepresentation – Retaliation" against Liberty Mutual (Plaintiff's untitled Cause of Action).[6]

### B. UPSF's Motion to Strike

For the first time in the FAC, Plaintiff inserts 33 new paragraphs detailing novel causes of action and factual allegations against UPSF. UPSF argues that these new additions should be stricken because they exceed the scope of the Court's prior Order, which only allowed Plaintiff leave to amend his claims against Liberty Mutual. Mot. Strike, ECF No. 36, at 1. Indeed, UPSF is correct in that when a court grants leave to amend, the extent of that right is defined by the scope of permission granted. See, e.g.,

---

[6] Liberty Mutual also filed Motions for More Definite Statement under Rule 12(e) and to Strike under Rule 12(f). ECF Nos. 39, 40. Given the Court's ruling on Liberty Mutual's Motion to Dismiss, these additional motions are rendered moot.

7

Molly Stearns, et al. v. Select Comfort Retail Corp., et al., 2009 WL 3413679, at *3 (N.D. Cal. Sept. 18, 2009). The Court's prior Order only permitted Plaintiff leave to amend claims against Liberty Mutual; it did not contemplate new causes of action or factual allegations against UPSF. August 2018 Order at 10. Nevertheless, Plaintiff included additional allegations and claims against UPSF within his FAC, specifically adding 33 new paragraphs spanning nearly eight pages. These amendments, which constitute a significant majority of Plaintiff's overall changes within the FAC, were improper.

Furthermore, Plaintiff not only failed to seek leave of the Court to include significant amendments in the FAC concerning UPSF, he also did not address UPSF's present Motion to Strike. Indeed, while Plaintiff filed an Opposition to Liberty Mutual's Motion to Dismiss and included arguments against Liberty Mutual's Motion to Strike in the alternative, UPSF's Motion to Strike was unaddressed within this Opposition. Pl.'s Opp'n to Mot. Dismiss, ECF No. 47. The Local Rules of this District require a responding party to either file an opposition to a motion or file a statement of non-opposition. E.D. Cal. Local Rule 230(c). Because Plaintiff failed to address UPSF's motion, the Court finds that allowing Plaintiff to assert these new allegations without the Court's approval would severely prejudice UPSF. DeLeon v. Wells Fargo Bank, N.A., No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); see also Stiles v. Wal-Mart Stores, Inc., No. 2-14-cv-02234-MCE-CMK, 2018 WL 3093501, at *6 (E.D. Cal. June 20, 2018) (striking newly added claim because it exceeded the scope of amendment permitted by this Court's prior order, finding that "such an amendment would prejudice Defendants this late in the game and would cause undue delay").

Accordingly, UPSF's Motion to Strike is GRANTED without prejudice. The following portions of the FAC are hereby STRICKEN: (1) "Intentional/ Negligent Infliction of Emotional Distress" from the caption that appears on the cover page; (2) Paragraph

28, lines 22-24; (3) Paragraph 77, line 23; (4) Paragraph 79 in its entirety; (5) Paragraphs 80-86 in their entirety; and (6) Paragraphs 88-110 in their entirety. If Plaintiff wishes to include additional allegations against UPSF in his operative complaint, he must obtain the opposing party's written consent or the Court's leave to do so.[7]

**CONCLUSION**

For the reasons set forth above, Liberty Mutual's Motion to Dismiss, ECF No. 30, is GRANTED and Plaintiff's claims against Liberty Mutual are DISMISSED without leave to amend. Additionally, UPSF's Motion to Strike, ECF No. 36, is GRANTED without prejudice. If Plaintiff wishes to amend his claims against UPSF, he must obtain either UPSF's written consent or seek the Court's leave pursuant to this Order not later than twenty (20) days following the date this Order is electronically filed. Failure to timely comply with this Court's Order will result in the imposition of sanctions, up to and including dismissal of these claims with prejudice, upon no further notice to the parties.

IT IS SO ORDERED.

Dated: March 21, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff is further cautioned that as construed, the newly added claims against UPSF within the FAC would be unlikely to meet the federal pleading standard in any event.