UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TYRONE DOUTHERD, | No. 2:17-cv-02225-MCE-EFB |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| DORIS MARIE MONTESDEOCA; Estate of LUCILLE J. SMITH, deceased; UNITED PARCEL SERVICE, INC.; LIBERTY MUTUAL INSURANCE COMPANY; HARMONY HOME CARE, INC.; and DOES 1 through 30, inclusive, | |
| Defendants. | |

Plaintiff Tyrone Doutherd ("Plaintiff") seeks, inter alia, an award of compensatory and punitive damages against Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and UPS Ground Freight, Inc. ("UPSF")[1] for their roles in the alleged mishandling of Plaintiff's Workers' Compensation claim following a vehicle accident that occurred while Plaintiff was on the job.[2] On March 22, 2019, this Court dismissed all claims against Liberty Mutual with prejudice. ECF No. 96. Presently before the Court

---

[1] UPSF was sued erroneously as United Parcel Service, Inc.

[2] Plaintiff additionally seeks redress from the driver of the car, the owner of that car, and the employer of the driver. Because the present motions are brought by UPSF and Liberty Mutual, respectively, the scope of the Court's Memorandum and Order is limited to those Defendants.

are three motions: (1) Plaintiff's Motion for Reconsideration of the Order granting UPSF's lien application, ECF No. 89; (2) Plaintiff's Motion to Amend the First Amended Complaint ("FAC"), ECF No. 101; and (3) Liberty Mutual's Bill of Costs, ECF No. 118. For the reasons set forth below, Plaintiff's Motion for Reconsideration is DENIED, Plaintiff's Motion to Amend the FAC is also DENIED, and Liberty Mutual's Bill of Costs is APPROVED.[3]

## BACKGROUND[4]

Plaintiff's claims arise out of an August 27, 2015, collision with a car driven by Defendant Doris Montesdoeca. Plaintiff was operating a loaded transport truck and trailer owned by UPSF. Plaintiff claims that Montesdoeca was fighting with a male passenger in the back seat when she lost control of the car and careened into the divider. The car rebounded from the divider and smashed into the front passenger side of Plaintiff's truck.

Plaintiff claims to have suffered significant back and shoulder pain as well as knee damage as a result of the accident. He visited the emergency room thereafter, began a course of physical therapy, and returned to work for seven weeks of "light duty" when permitted to do so. At the end of the seven weeks, Plaintiff was required to return to full duty, purportedly before he was healed. He had no more treatment, therapy, or prescribed medication and was not re-evaluated to determine his readiness to return to work.

According to Plaintiff, UPSF initially prepared a Workers' Compensation claim on behalf of Plaintiff but did not advise him on his rights to benefits or compensation. Plaintiff did not know if the forms were submitted or if his claims were processed. He

---

[3] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs. E.D. Cal. Local Rule 230(g).

[4] The background facts and allegations in this section are derived from this Court's prior Order, ECF No. 96.

2

learned his claim was opened and then closed in November 2015 from the "vehicle owner's insurance carrier," not from UPSF or Liberty Mutual.

Plaintiff initiated the present action in Sacramento Superior Court on August 25, 2017, claiming, in part, that UPSF and Liberty Mutual acted in concert to adopt an illegal pattern and practice of refusing to process Workers' Compensation claims for injured UPSF employees. The case was removed to this Court on October 24, 2017, (ECF No. 1) and the Initial Pretrial Scheduling Order ("PTSO") was issued the following day (ECF No. 4).

On November 2, 2017, Liberty Mutual filed a Motion to Dismiss Plaintiff's Complaint on grounds that the claims were barred by the exclusivity rule of the Workers' Compensation Act ("WCA"). ECF No. 8. On August 14, 2018, the Court granted Liberty Mutual's Motion to Dismiss Plaintiff's Sixth and Seventh Causes of Action with leave to amend, giving Plaintiff one opportunity to assert a viable cause of action against Liberty Mutual. ECF No. 31. On September 14, 2018, Plaintiff filed his FAC, adding new allegations and causes of action against UPSF. ECF Nos. 33, 34. On September 26, 2018, UPSF filed a Motion to Strike those additions to the FAC on grounds that Plaintiff failed to obtain leave to amend. ECF No. 36.

On September 28, 2018, UPSF filed an Application for Lien, claiming a first lien against any settlement or judgment in this action, and in the amount of any additional sum which hereafter may be paid as workers' compensation benefits to or on behalf of Plaintiff. ECF No. 42. Plaintiff filed objections on December 12, 2018. ECF No. 64. On December 20, 2018, UPSF filed an Amended Application for Lien (ECF No. 75), and Plaintiff filed objections on December 31, 2018 (ECF No. 82). This Court granted UPSF's amended application on January 2, 2019; however, the Order was signed on December 30, 2018. ECF No. 83.

On March 22, 2019, this Court dismissed Plaintiff's claims against Liberty Mutual without leave to amend and granted UPSF's Motion to Strike, finding that Plaintiff failed to seek leave to amend his complaint as to UPSF and must either meet and confer with

3

UPSF or seek the Court's leave to file an amended complaint. ECF No. 96. On April 9, 2019, Plaintiff filed a Motion to Amend the FAC. ECF No. 101.

## STANDARD

### A. Motion for Reconsideration

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369.

### B. Motion to Amend Complaint

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure,[5] which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which

---

[5] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

4

establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification," a court may make its determination by noting the prejudice to the other parties. Id.

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. Id. at 608. Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed. Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 7, 2010).

**ANALYSIS**

**A.      Plaintiff's Motion for Reconsideration**

Plaintiff asks the Court to reconsider its decision to grant UPSF's lien application. Plaintiff's request for reconsideration here is premised on two contentions. First, Plaintiff argues the Court's decision was premature because it failed to consider Plaintiff's objections. Second, Plaintiff claims the lien is unfair and "a serious violation of the letter and spirit of the workers' compensation statutes." See ECF No. 89, at 4. As set forth

below, neither argument is persuasive.

Plaintiff's contention that the Order was premature is premised on the fact that the Order was signed on December 30 but entered on January 2, and Plaintiff filed his objections on December 31. The Court notes that UPSF filed its original lien application in September 2018, but Plaintiff waited to file objections until December 12, 2018. Regardless, Plaintiff's objections to both applications are substantially similar, thus the outcome would not have been different.

As for Plaintiff's argument that the Court's decision is erroneous, Plaintiff fails to show newly discovered evidence, clear error, or intervening change in controlling law. See Pyramid Lake, 882 F.2d at 369. Instead, this Motion is premised on the same facts and arguments raised in the objections to both of UPSF's applications. Plaintiff ultimately disagrees with the Court's ruling, which is insufficient to justify reconsideration. See Fay Avenue Properties, LLC v. Travelers Property Cas. Co. of Am., No. 11CV2389-GPC (WVG), 2014 WL 6980248, at *2 (S.D. Cal. Dec. 9, 2014) ("Moreover, a motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision."). Therefore, Plaintiff's Motion for Reconsideration is DENIED.

### B. Plaintiff's Motion to Amend the FAC

Through this Motion, Plaintiff seeks leave to file a Second Amended Complaint ("SAC") adding multiple factual allegations against UPSF. ECF No. 101, at 2. A PTSO was issued on October 25, 2017, thus Plaintiff's ability to amend his FAC is governed by Rule 16(b), not Rule 15(a) as contended by Plaintiff.

Plaintiff fails to demonstrate "good cause" as required by Rule 16(b)(4). Plaintiff was not diligent in asserting his new allegations contained in the proposed SAC. Under Rule 16, the core inquiry is whether the moving party acted diligently prior to filing the amendment. See Johnson, 975 F.2d at 609. There is a presumption against finding good cause "when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Coleman v. Quaker Oats Co.,

232 F.3d 1271, 1295 (9th Cir. 2000) (citing Acri v. Int'l Ass'n of Machinists and Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986)). If the moving party does not "offer any explanation for their failure to amend their complaints earlier[,]" the motion may be dismissed. Id.

Here, Plaintiff knew the alleged facts prior to filing his FAC but now seeks to assert them in the proposed SAC. See Coleman, 232 F.3d at 1295. Most of the facts occurred in 2017 and were known to Plaintiff before discovery concluded in December 2018. In fact, many of the allegations were previously asserted against Liberty Mutual, but this Court already found those claims were barred by the WCA's exclusive jurisdiction. See ECF No. 96, at 6-7. Moreover, even if the Court were to find that Plaintiff acted diligently in seeking to amend, the motion would be denied under Rule 15 because such amendment would prejudice UPSF and would create substantial delay in this case. Plaintiff's proposal of adding new facts relating to UPSF's alleged retaliation between Plaintiff's last day of work in June 2018 and the close of discovery in December 2018 essentially asks the Court to allow him to file a new lawsuit long after discovery has closed. Such an amendment would require the Court to reopen discovery to allow the parties to develop these new allegations. For the above reasons, Plaintiff's Motion to Amend the FAC is DENIED.

### C. Liberty Mutual's Bill of Costs

Liberty Mutual seeks fees totaling $3,517.74 for printed or electronically recorded transcripts necessarily obtained for use in the case. Under Rule 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs." Plaintiff objects on the basis that Liberty Mutual was not required to purchase transcripts because its counsel attended the depositions and minimally participated in the discovery process. ECF No. 119. Plaintiff's argument lacks merit. The transcripts obtained were reasonable under the circumstances of this case, and the costs incurred are appropriate. See 28 U.S.C. § 1920(2). Accordingly, the Court taxes all costs sought by Liberty Mutual.

**CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 89, and Motion to Amend the FAC, ECF No. 101, are both DENIED. In addition, the Clerk of the Court is directed to tax costs in the amount of $3,517.74 as set forth in Liberty Mutual's Bill of Costs, ECF No. 118.

IT IS SO ORDERED.

DATED: November 19, 2019

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE