UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Tyrone Doutherd,

   Plaintiff,

 v.

Doris Marie Montesdeoca, et al.,

   Defendants.

No. 2:17-cv-02225 KJM JDP

ORDER

   Defendant UPS Ground Freight (UPSF) requests the court amend, correct, or reconsider its October 2020 order. Alternatively, UPSF requests the court dismiss plaintiff Tyrone Doutherd's race discrimination claim on the pleadings. Mot. at 1, ECF No. 162-1. Defendant argues that Mr. Doutherd did not plead a claim for race discrimination, and therefore UPSF could not have moved for summary judgment on that claim. In the alternative, defendant moves for judgment on the pleadings. For the reasons provided below, the court **denies** defendant's motion for reconsideration but **grants** the motion for judgment on the pleadings. Plaintiff's race discrimination claim is dismissed **without leave to amend.**

## I.  BACKGROUND

   The court's October 2020 summary judgment order sets forth the factual background of this case; the court provides only a brief summary of the facts here. *See* Summ. J. Order at 10–17, ECF No. 160. In 2015, plaintiff suffered numerous injuries in a car accident while driving a

loaded transport truck for his employer, defendant UPSF. First Am. Compl. (FAC) ¶ 9–11, ECF No. 33. Subsequently, he alleged his employer committed fraud, failed to accommodate his disability, discriminated, harassed, and retaliated against him based on his age, disability and race, and violated state statutes. *See* FAC ¶¶ 26–45, 76–78 (excluding line 23 in paragraph 77, which was stricken by prior court order). In 2017, plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) "raising issues of discrimination and retaliation," and he received a right to sue letter shortly thereafter. *Id.* ¶ 19; March 2017 DFEH Compl., Ex. 17, Pl. Dep., ECF No. 126-9. Plaintiff's DFEH complaint, submitted on a standard form, marks "race/color" as one of the reasons he was denied workers' compensation benefits. March 2017 DFEH Compl.[1]

Plaintiff's fourth claim is key to both pending motions. Within this section of the amended complaint, entitled "EMPLOYMENT DISCRIMINATION by UPS FREIGHT HARRASSMENT AND RETALIATION," plaintiff alleges he was "retaliated against by his employer based on race, whistleblower activities, and making a civil rights claim." FAC ¶¶ 37–42. He cites to the ADA, FEHA and 42 U.S.C. § 2000e as grounds for his allegations in this section. Later in the same section, after providing a list of "examples of retaliation," he pleads that the "incomplete list has examples of both discrimination and harassment as well as failure to accommodate." *Id.* ¶ 38.

The procedural history also matters here. UPSF never moved to dismiss plaintiff's original or amended complaint. UPSF did move to strike portions of plaintiff's First Amended Complaint, Mot. to Strike at 1–2, ECF No. 36, and the prior district court judge granted that motion in full, March 21, 2019 Order at 9, ECF No. 96 (striking portions of FAC including among others paragraphs 80–86 and paragraphs 88–110, which included additional allegations of retaliation and race-based discrimination). The prior judge observed that the First Amended Complaint suffered "from an extensive lack of clarity, both as to the various allegations and to the

---

[1] In the DFEH complaint, the box next to "race/color" is clearly marked with an "x," in the same way other boxes including those next to "age," "physical disability," "medical condition," and a box for other matters including "retaliation." Next to the words "race/color," however, unlike the words next to other boxes, there appears to be a handwritten question mark.

structure of the causes of action." *Id.* at 3 n.5. The judge ordered plaintiff to either obtain UPSF's written consent or the court's leave if he sought to amend his claims against UPSF. *Id.* at 9. Plaintiff pursued the latter course but ultimately the judge denied the motion to amend, finding plaintiff did not demonstrate good cause and granting leave to amend would prejudice defendant. *See generally* Mot. to Am., ECF No. 101; November 19 Order, ECF No. 122. Therefore, plaintiff's race based discrimination claim survived only to the extent pled within the fourth claim of the remaining operative complaint. *See* FAC ¶¶ 37–42.

UPSF then moved for summary judgment of claims that remained. Mot. Summ. J. at 2, ECF No. 123. UPSF specifically moved for summary adjudication of plaintiff's claims of fraud, failure to accommodate, disability discrimination, retaliation, age discrimination, violation of wage and hour laws and violation of OSHA. *Id.* at 2–8. It also moved for summary adjudication of plaintiff's claims for damages. *Id.* at 8–9. Plaintiff opposed. Opp'n, ECF No. 135. In his opposition and statement of undisputed facts, plaintiff made the following references to being discriminated against due to his race:

- "Plaintiff is presently and currently being discriminated against because of his race, age, whistleblower status, having made a complaint and/or his disability." *Id.* at 3.
- "One cannot expect the discrimination statutes to name every possible wrong to avoid, but plaintiff's litany of wrongs he suffered cannot possibly not include a single one for which he has protection. Race is a protected status under the discrimination provisions of FEHA." *Id.* at 6.
- "Because UPSF exhibits multiple forms of discriminatory behavior, one cannot say for sure which of them was a primary motivating factor . . . . It was upsetting and hurtful to hear the N word in the workplace and be referred to as a monkey. Plaintiff believes racial discrimination played a role in his mistreatment and was a part of the hostile workplace he has described herein." *Id.* at 19–20.
- Plaintiff asserts he was called a "monkey, f**, and ni****" by another driver. Pl.'s Resp. UPSF SUF 46 (citing to deposition of dispatcher Sarah Cutshaw,

3

Cutshaw Depo. Excerpts at 54:23–56:12, for this fact whereas deposition actually reflects a third-party was called the N word within earshot of plaintiff).

- Plaintiff claimed racial discrimination by other drivers was ratified by UPSF management. *See id.*

In reply to plaintiff's statement of undisputed facts, UPSF asserted that "plaintiff's contentions regarding racial discrimination are not pled in the operative complaint, are time-barred, and are irrelevant to the fact at issue." Def. Resp. Pl. SUF at 33, ECF No. 145.

The court held a hearing on defendant's motion for summary judgment in July 2020. In October 2020, the court granted summary judgment for UPSF on all claims except for race discrimination, explaining that "UPSF did not move for summary judgment on a Title VII race discrimination claim." Summ. J. Order at 38.

## II. MOTION TO RECONSIDER

Defendant requests the court amend or reconsider its prior order and cites to Rules 54(b), 60(a) and 60(b) of the Federal Rules of Civil Procedure as grounds for this part of their motion. The court's order granting summary judgment to defendant is interlocutory in nature as it is not a final judgment. Rule 54(b) thus provides the proper vehicle for requesting reconsideration of the prior order. *See Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001); *Ernie Ball, Inc. v. Earvana, LLC*, No. 06-00384 2009 U.S. Dist. LEXIS 132457, at *2 n.2 (C.D. Cal. Sep. 16, 2009) (denying reconsideration under 60(a) or 60(b) of partial summary judgment order as it was not final judgment order).

### A. Legal Standard

A district court has inherent authority to reconsider its interlocutory orders. *See* Fed. R. Civ. P. 54(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). "Rule 54(b) does not describe the standard for reconsideration of an interlocutory order or otherwise detail in what circumstances revised orders should issue." *AmeriColor Corp. v. Kosto Food Prod. Co.*, No. SA-1600029, 2016 WL 10576634, at *2 (C.D. Cal. June 30, 2016). While the Ninth Circuit appears not to have addressed the matter, some district courts in the Ninth Circuit have applied standards of review similar to those used with respect to Rule 60(b), which

provide that "[r]econsideration is appropriate when 'the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law[, or] other, highly unusual circumstances warranting reconsideration.'" *Id.* (citing *Sch. Dist. No. 1J, Multnomah Cty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993)). "Reconsideration is ordinarily appropriate only when controlling law has changed, if new evidence has become available, or when necessary to correct a clear error or prevent manifest injustice." *Sants v. Seipert*, No. 215-00355, 2021 WL 465292, at *6 (E.D. Cal. Feb. 9, 2021) (applying local rule and Rule 60(b) standard). Absent a showing of manifest injustice, the court will not disturb its prior ruling, in the interest of overall fairness. *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 216-00148, 2020 WL 6043935, at *5 (E.D. Cal. Oct. 13, 2020).

This court's local rules also govern applications for reconsideration and require the moving party to provide "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" or "what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j). "In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation." *Id.*

**B.      Discussion**

Keeping in mind the above standards, after careful consideration, the court concludes it did not commit clear error in its October 2020 order; therefore reconsideration is unwarranted. Defendant is correct that the operative complaint is unwieldy, weaving together numerous allegations under one broad claim, but it was not clear error to construe the complaint as alleging a race discrimination claim under Title VII.

Fundamentally, plaintiff's amended complaint provides sufficient notice to defendant that plaintiff is asserting race discrimination. Even as a complaint must provide fair notice of its claims and surpass a plausibility bar, it is still the case that it need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),

5

without necessarily including "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In *McHenry v. Renne,* which defendant cites in support of its position, plaintiffs had filed a fifty-three page long complaint that mixed "allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way." 84 F.3d 1172, 1174 (9th Cir. 1996). Here, plaintiff's complaint is eighteen pages long, not including the paragraphs stricken by the prior presiding judge; it avoids political argument, and points to relevant statutes that invoke the law supporting a racial discrimination claim. *See* FAC ¶ 38. Plaintiff's DFEH complaint, which defendant attached as an exhibit to its summary judgment motion, also put defendant on notice given the "race/color" box plaintiff checked. *See* March 2017 DFEH Compl.

Defendant had an opportunity to challenge the race discrimination claim prior to the order granting summary judgment. Defendant included one sentence in its reply to plaintiff's statement of undisputed facts asserting plaintiff did not plead a race discrimination claim in his operative complaint, but defendant did not seek to clarify that its motion for summary judgment covered any race discrimination claim that might be pled. Against this backdrop, where defendant had not moved to dismiss any claim at an earlier stage of the case, and plaintiff's allegations of race discrimination included in his fourth claim survived defendant's motion to strike, it was not clear error for the court to construe plaintiff's complaint as containing a race discrimination claim.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

The court next considers defendant's motion for judgment on the pleadings as to the claim the court has let stand, plaintiff's race discrimination claim. This motion relies on Federal Rule of Civil Procedure 12(c), and plaintiff has not opposed it.

#### A. Legal Standard

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The "same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion," at a different stage of the litigation. *Howell v. Leprino Foods Co.*, No. 18-01404, 2020 U.S. Dist. LEXIS 25515, at *1 (E.D. Cal. Feb. 12, 2020) (citing to *Dworkin v. Hustler Magazine*, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)). The court draws reasonable inferences in the non-moving party's favor and

6

accepts the complaint's allegations as true. *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019). Courts may grant a Rule 12(c) motion with or without leave to amend. *See Gregg v. Dep't of Pub. Safety,* 870 F.3d 883, 889 (9th Cir. 2017) (while Rule 15 provides for granting leave to amend freely when justice requires, leave may be denied where futile).

As required by Rule 12(c), the court looks only to the pleadings and does not assess any factual record developed through summary judgment practice. While it is unusual to consider motions under Rule 12(c) after resolving motions for summary judgment, it is not improper as long as the motion is submitted early enough not to delay trial. *See, e.g., MicroTechnologies, LLC v. Autonomy, Inc.,* No. 15-02220, 2018 U.S. Dist. LEXIS 162104, at *13 (N.D. Cal. Sep. 21, 2018) (reviewing Rule 12(c) motion after summary judgment). Here, defendant submitted its motion one week after the court's order granting summary judgment. This was prompt enough not to delay trial under any circumstances, even without a pandemic's effect on trial schedules. *See Craten v. Foster Poultry Farms Inc.*, No. 15-02587, 2018 U.S. Dist. LEXIS 23384, at *6 (D. Ariz. Feb. 13, 2018) (finding Rule 12(c) motion timely when submitted two weeks after order granting summary judgment).

**B.     Discussion**

The different legal standards applicable to motions for reconsideration and motions for judgments on the pleading may well make for differing results on the pending motions. While it was not clear error for the court to construe the operative complaint as alleging a race discrimination claim, plaintiff's claim may not prevail when analyzed under the Rule 12(c) standard.

To properly plead a prima facie race discrimination case under Title VII, a plaintiff must allege: "(1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Phelps v. U.S. Gen. Servs. Agency*, 469 F. App'x 548, 549 (9th Cir. 2012). Plaintiff alleges he is a member of a protected class of persons under Title VII, *see* FAC ¶¶ 31, 38, and that he suffered

7

numerous adverse actions because of his race, *id.* ¶ 38, but does not plead sufficient facts to meet either the second or fourth element. Specifically, even reading the complaint in the light most favorable to the plaintiff, he does not explain either how he performed his job satisfactorily or how his employer treated him differently than similarly situated employees who are not a part of the same protected class. As plaintiff did not oppose the defendant's motion, he does not point the court to any portion of the complaint to argue otherwise. Even drawing reasonable inferences in plaintiff's favor, as required, the court's review of the pleadings persuades it that defendant's motion for judgment on those pleadings must be granted.

Leave to amend should be "freely give[n] . . . when justice so requires," unless a defendant demonstrates undue delay, futility, undue prejudice, or bad faith. Fed. R. Civ. P. 15(a)(2); *Chudacoff v. Univ. Med. Ctr. of S. Nev.,* 649 F.3d 1143, 1153 (9th Cir. 2011). In its most recent motion, defendant notes correctly that this "case has been pending for more than three years and discovery lasted for over a year." Mot. at 9. Additionally, "no discovery [was] taken on a race discrimination claim" and, defendant argues, allowing plaintiff to plead a new claim well past the midnight hour would deeply prejudice defendant. *Id.* at 8. Without discovery to identify additional factual allegations not already before the court, any attempt to amend would be futile. The court thus will not grant leave to amend.

**IV.    CONCLUSION**

The court **denies** defendant's motion for reconsideration, but **grants** defendant's motion for judgment on the pleadings. As the court **denies** plaintiff leave to amend his complaint, this case is now closed.

This order resolves ECF No. 162.

IT IS SO ORDERED.

DATED: May 4, 2021.

CHIEF UNITED STATES DISTRICT JUDGE